IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

VICTOR CHAMBERS                                     PLAINTIFF

VS.                           CIVIL ACTION NO. 5:10-cv-77(DCB)(RHW)

SODEXO INC. and
SDH EDUCATION EAST, LLC                             DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendants Sodexo Inc. and SDH Education East, LLC (collectively "Sodexo" or "defendants")'s Motion for Summary Judgment **(docket entry 26)**. Having carefully considered the motion and response, all memoranda, supporting authorities, and exhibits, and being fully advised in the premises, the Court finds as follows:

The complaint in this action charges the defendants with three types of unlawful employment practices toward the plaintiff, namely age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), retaliation under Title VII of the Civil Rights Act of 1964 and the ADEA, and a claim for back wages under the Fair Labor Standards Act of 1938 ("FLSA"). In his brief in response to the defendants' summary judgment motion, the plaintiff concedes to the dismissal of his retaliation claim.

The defendants move for summary judgment on the two remaining claims pursuant to Fed.R.Civ.P. 56. Summary judgment is designed "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

327 (1986)(citation and internal quotation omitted); see also Berry v. Armstrong Rubber Co., 780 F.Supp. 1097, 1099 (S.D. Miss. 1991), aff'd, 989 F.2d 822 (5th Cir. 1993).  A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party, "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

The moving party bears the initial burden of establishing the absence of genuine issues of material fact.  Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir. 1990).  Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and show that summary judgment is inappropriate.  Lavespere, 910 F.2d at 178. The nonmoving party is obligated to oppose the motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e); Fields v. City of South Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  If the nonmovant satisfies its burden, summary judgment will not be granted.  Id.

Summary judgment is available in employment discrimination cases, see, e.g., Slaughter v. Allstate Ins. Co., 803 F.2d 857, 861

(5th Cir. 1986)(case brought under ADEA), and is appropriate where "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant." <u>Armstrong v. City of Dallas</u>, 997 F.2d 62, 67 (5th Cir. 1993). The Fifth Circuit has also held that summary judgment is appropriate where the plaintiff fails to show a genuine issue of fact on the pretext issue. <u>See</u>, <u>e.g.</u>, <u>Amburgey v. Corhart Refractories Corp., Inc.</u>, 936 F.2d 805, 813 (5th Cir. 1991); <u>Hanchey v. Energas Co.</u>, 925 F.2d 96 (5th Cir. 1990).

The ADEA forbids "an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The standard of proof for Title VII discrimination claims also applies to ADEA claims. <u>See</u> <u>O'Connor v. Consol, Coin Caterers Corp.</u>, 517 U.S. 308, 311 (1996). "The Title VII inquiry is 'whether the defendant intentionally discriminated against the plaintiff.'" <u>Johnson v. Louisiana</u>, 351 F.3d 616, 621 (5th Cir. 2003)(quoting <u>U.S. Postal Serv. Bd. of Governors v. Aikens</u>, 460 U.S. 711, 715 (1983)).

In order to withstand summary judgment, Chambers, using direct or circumstantial evidence, must "present sufficient evidence for a reasonable jury to conclude ... that [his age] was a motivating factor for any employment practice.'" <u>Desert Palace, Inc. v.</u>

3

<u>Costa</u>, 539 U.S. 90, 101 (2003)(quoting 42 U.S.C. § 2000e-2(m)).
Chambers argues that impermissible considerations, namely his age,
motivated Sodexo's employment decision.

Chambers' claim under the ADEA is for discriminatory
termination.  He began working as the Executive Chef for Sodexo at
its Alcorn State University location on or about June 30, 2008.
Prior to starting, he interviewed with Alfred Milot, who was at the
time a Regional Chef for Sodexo assisting with the start-up of the
Alcorn account, and Mike Prince, District Manager for Sodexo at the
time.   After Chambers interviewed and completed some culinary
testing, Prince called Chambers and offered him the job.  Chambers
was 55 years old at the time of hiring.

Upon commencing employment as a management employee, Chambers
was provided an employee handbook setting forth Sodexo's policies
and procedures.   Chambers also signed the Company Policies
Acknowledgment.  The Acknowledgment states that Sodexo is an equal
opportunity employer and prohibits discrimination of any kind.  It
also provides that "[a]ny employee who in any way discriminates
against or harasses a fellow employee, a customer, or any other
person may be subject to immediate termination of employment."
Company Policies Acknowledgment; Chambers Depo., pp. 83-84.
Chambers was also aware of Sodexo's policy regarding poor
performance by employees, specifically that "[t]ermination of
employment may occur when an employee's performance does not

4

improve after constructive counseling or when an employee's conduct is sufficiently serious." Sodexo Employee Handbook; Chambers Depo., pp. 84-85.

At the time Chambers began employment with Sodexo, Milot was working at the Alcorn State location as Executive Chef. Laverne Walsh was employed as Retail Manager. Sheba Logan began her employment with Sodexo the same day Chambers did. Kermic Thomas was the General Manager at the time, but he was training Sheba Logan to become General Manager at the location.

Chambers admits that he was verbally warned by Milot as early as July about having too much food in the coolers and freezers due to over-ordering. Chambers Depo., p. 42. Milot was concerned that Chambers had a continuing problem with ordering too much food and spending thousands of dollars a week over budget. Milot Aff., ¶ 3. Chambers also admits that he was counseled by the District Manager, Prince, on August 25, 2008. Amend. Compl., ¶ 13. The August counseling session between Chambers and Prince regarded day-to-day food production meetings, the importance of communications in the kitchen, food shortages at catered events, and not following the company HACCP (hazardous analysis critical control point) program. Chambers Depo., pp. 75-76. On September 29, 2008, Chambers was counseled by Thomas and Logan regarding the large quantity of bread on stock, his failure to monitor all products from the freezer, and his failure to maximize food usage. Chambers Depo., pp. 66-67.

On November 5, 2008, approximately five months after his hire date, Prince and Logan met with Chambers, and Prince informed him that he was being terminated due to performance issues. Chambers Depo., p. 75; Letter from Mike Prince, Nov. 5, 2008. The termination was based on "job performance and the inability to manage to the standards set by Sodexo." Id. As noted in his termination letter and acknowledged by Chambers, he had received additional constructive counseling sessions regarding his performance on several occasions in the month immediately prior to his termination. Chambers Depo., pp. 76-79; Prince Letter.

According to telephone intake records of Sodexo's Office of Employment Rights ("OER"), Chambers called the OER on November 6, 2008, for the purpose of filing a wrongful termination complaint. The Telephone Intake Form reflects that Chambers asked for a full investigation of his termination because the reason given for his termination was inaccurate. Tel. Intake Form, ¶ 15. Specifically, he claimed that he was only following the orders of Sheba Logan. Id., ¶ 11. The Telephone Intake Form does not reflect any allegations by Chambers of harassment, discrimination or retaliation. Id., ¶¶ 10-11. On April 20, 2009, Chambers filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging he was terminated because of his age. After receiving his right to sue letter, he filed his original Complaint on May 3, 2010, and his First Amended Complaint on July 28, 2010.

Age discrimination claims may be established through either direct or circumstantial evidence. <u>Damon v. Fleming Supermarkets of Fla., Inc.</u>, 196 F.3d 1354, 1358 (11th Cir. 1999). In response to the defendants' motion for summary judgment, Chambers claims that he can show the defendants intentionally discriminated against him because of his age through both direct and circumstantial evidence. His direct evidence consists of the following from his testimony at his deposition:

> ... On [July] the 16th I was in the dining room eating my lunch and [Sheba] Logan came in there with her plate. And she said, "Victor, how old are you?" I said, "I'll be 56 in December." She said, "What?" She said, "I didn't know you was that old." She said, "I thought you was around me and Kermit's[1] age." She said, "I'm 44 and he 43." But she said, "I'll be 45 before your birthday." I said, "Oh, okay."
>
> I said, "Is there a problem with my age?" She said, "I just thought you was younger. I prefer a younger chef." And I said, "Oh."

Chambers Depo., p. 43.

Direct evidence of discrimination is "evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." <u>Damon</u>, 196 F.3d at 1358 (internal quotation marks and citations omitted). "In other words, the evidence must indicate that the complained-of employment decision was <u>motivated</u> by the decision-maker's ageism." <u>Id</u>. at 1359 (emphasis in original). "As a

---

[1] Apparently this is a reference to Kermic Thomas.

result, only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age will constitute direct evidence of discrimination." Id. (internal quotation marks and citation omitted).

Direct evidence must also be capable of proving the existence of the fact in issue without inference or presumption. Rollins v. Tech-South, Inc., 833 F.2d 1525, 1528 n.6 (11th Cir. 1987)(citing Black's Law Dictionary 413 (5th ed. 1979)). It certainly requires an inference to say that Logan's alleged comments are evidence that Chambers was discharged because of his age. The comments do not specifically address, nor were they made in the context of, the defendant's decision to terminate the plaintiff's termination, coming some four months before the employment action. See Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1227-28 (11th Cir. 2002)("[t]o be direct evidence, the remark must indicate that the employment decision in question was motivated by [discriminatory animus]"). Furthermore, Logan was not a decision maker. See Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir. 1996)("To be probative, allegedly discriminatory statements must be made by the relevant decision maker."). It is undisputed that Mike Prince, Sodexo's District Manager, made the decision to terminate the plaintiff's employment. The plaintiff has failed to present direct evidence of a discriminatory motive.

Chambers also claims sufficient circumstantial evidence of

discrimination for his claim to survive summary judgment. To prevail in his claim of discrimination under the ADEA using circumstantial evidence, the plaintiff must first establish a prima facie case of age discrimination by showing that (1) he was discharged; (2) he was qualified for his position; (3) he was within the protected class at the time of his discharge; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. Rachid v. Jack In The Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004).

If the plaintiff establishes his prima facie case of discrimination, then a rebuttable presumption of intentional discrimination is created which the employer can rebut by articulating some legitimate, non-discriminatory reason for its action. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). Although the presumption shifts the burden of production to the defendant, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. Id. Once the employer puts forward evidence of a legitimate reason for its employment decision, the presumption raised by the prima facie case is rebutted and the plaintiff must prove that the defendant's proffered reason was not the true reason for his discharge and that age was. Id.

With regard to his prima facie case, Chambers has established that he was discharged and that he was within the class protected by the ADEA.  The Court assumes that Chambers was qualified for his position inasmuch as the defendant does not challenge this element. As for the final element, Chambers does not show that he was replaced by someone outside the protected class, or that he was replaced by someone younger; therefore, he must show that he was otherwise discharged because of his age.  The plaintiff attempts to satisfy this element with proof of his conversation with Sheba Logan on July 16, 2008.  The only evidence submitted is Chambers' own recollection of the conversation at his deposition.  As noted above, the alleged comments were made some four months before the employment decision in question.  Moreover, they were made immediately after Logan had defended the plaintiff against accusations of mismanagement by Alfred Milot.  Chambers Depo., pp. 41-42.  Stray remarks that are "isolated and unrelated to the challenged employment decision" are insufficient to establish pretext. Rojas v. Florida, 285 F.3d 1339, 1342-43 (11th Cir. 2002). The Court finds that the remark "I prefer a younger chef," in light of the surrounding circumstances, is not evidence of discriminatory animus.  However, assuming that it is, the remark was not made by the decision maker.  The only way Chambers can prevail on his claim is to proceed under a "cat's paw" theory (also known as a "rubber stamp" or "biased supervisor" theory) by establishing (1) that

Logan exhibited discriminatory animus, and (2) that she "possessed leverage, or exerted influence" over Mike Prince, the decision maker. <u>Russell v. McKinney Hosp. Venture</u>, 235 F.3d 219, 226 (5th Cir. 2000).

Assuming that Logan's remark is evidence of discriminatory animus, Chambers has failed to produce any evidence of leverage or influence by Logan over Prince.  Furthermore, "[w]here the decisionmaker conducts an independent investigation rather than 'rubber stamping' or relying solely on the recommendation of the purported discriminator, any link between the alleged discrimination and the adverse action is broken." <u>Harrison v. Formosa Plastics Corp. Texas</u>, 776 F.Supp.2d 433, 443 (S.D. Tex. 2011)(citing <u>Mato v. Baldauf</u>, 267 F.3d 444, 450 (5th Cir. 2001)). The defendant has provided the Court with a well-documented history of Chambers' poor job performance.  The Court finds no link between any discriminatory bias against Chambers on the part of Logan and Prince's ultimate decision; however, if there were any, it is sufficiently overcome by the defendant's evidence.

Furthermore, even if the plaintiff could be said to have otherwise made out a prima facie case, the defendant has demonstrated a legitimate, non-discriminatory reason for its action.  The plaintiff's attempt to show discriminatory conduct through supervisor bias is insufficient to show pretext for the reasons stated above.  Chambers also argues that the legitimate,

non-discriminatory reason tendered by his former employer is false or unworthy of credence.   The plaintiff presents no evidence to support this claim, only his own subjective belief.   "Mere conclusory allegations are insufficient to defeat summary judgment." Moss v. BMC Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010).   The reasons for Chambers' termination is well-documented in the evidence submitted by Sodexo.   In addition, the person terminating Chambers is the person who hired him in the first place (Mike Prince).   Under the "same-actor doctrine," such circumstances produce a contrary "inference that age discrimination was <u>not</u> the motive behind [the] termination." <u>Brown v. CSC Logic, Inc.</u>, 82 F.3d 651, 658 (5th Cir. 1996)(emphasis added).

The plaintiff has failed to failed to produce any evidence to present a genuine issue of material fact, and the defendant is therefore entitled to summary judgment on the ADEA calim.

As for the plaintiff's FLSA claim, Chambers alleges that he was a non-exempt employee and entitled to overtime pay.   While the FLSA generally requires employers to pay overtime to employees who work more than 40 hours per week, the statute exempts from the provision employees who are employed in a "bona fide executive, administrative or professional capacity."   29 U.S.C. §§ 207(a)(1), 213(a)(1).   The executive exemption applies to any employee who (1) is paid at least $455 a week, (2) has the "primary duty" of management, (3) regularly directs the work of two or more

employees, and (4) has the "authority to hire or fire other
employees or whose suggestions and recommendations as to the
hiring, firing, advancement, promotion or any other change of
status of other employees are given particular weight." 29 C.F.R.
§ 541.100(a). The administrative exemption applies to an employee
who (1) is compensated at least $455 a week, (2) has the primary
duty of performing office or non-manual work directly related to
the management or general business operations of the employer, and
(3) exercises discretion and independent judgment with respect to
matters of significance. 29 C.F.R. § 541.200.

It is undisputed that Chambers made more than $455 a week.
There is also no dipute that the primary duties of Executive Chef
required, among other things, that Chambers direct daily operations
of food production, including menu planning, purchasing, ordering,
inventory, food preparation and directing kitchen personnel engaged
in preparing, cooking and serving food as well as possessing "full
human resources responsibility." Sodexo Position Profile
(Executive Chef 1), pp. 1-4. Chambers also supervised more than
two employees in the kitchen, and was responsible for ordering food
supplies, maintaining inventory and overseeing the daily operations
of the kitchen. Chambers Depo., pp. 37-39. Chambers argues that
he was stripped of some of his duties, but offers no evidence in
support thereof. Chambers' own deposition, as well as affidavits
of co-workers and managers, submitted as evidence by the defendant,

13

establish that Chambers was employed in an exempt status throughout his employment with Sodexo.  The defendant is entitled to summary judgment on the FLSA claim.  Accordingly,

IT IS HEREBY ORDERED that the defendants Sodexo Inc. and SDH Education East, LLC's Motion for Summary Judgment **(docket entry 26)** is GRANTED.

A final judgment dismissing all of the plaintiff's claims with prejudice shall be issued forthwith.

SO ORDERED, this the 30th day of March, 2012.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

14